E-FILED
Wednesday, 05 September, 2007 02:00:44 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| CHARLES LEE GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CV-2108 |
| ) | |
| ILLINOIS POWER COMPANY, an ) | |
| Illinois Corporation, now d/b/a ) | |
| AmerenIP, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on the Motion to Dismiss Plaintiff's Complaint (#10) filed by Defendant AmerenIP.[1] Following this court's careful review of the arguments of the parties and the documents filed by the parties, Defendant's Motion to Dismiss (#10) is GRANTED in part and DENIED in part.

FACTS

This court agrees with Defendant that this is the latest in a long line of lawsuits that Plaintiff, Charles Green, has filed against his employer, the Defendant. This court also agrees that each of Green's prior actions has been terminated in Defendant's favor because his claims were previously adjudicated, time-barred, not properly exhausted at the administrative level, or unsupported by any evidence. Because of the numerous previous filings by Green in this court, this court had entered an Opinion in an earlier case which barred Green "from filing any future lawsuits, letters, pleadings,

---

[1] Plaintiff's Complaint named Illinois Power Company as the Defendant. However, Defendant has pointed out that it is now known as AmerenIP.

or motions unless he first obtains leave of this court to file a given document."[2]  This court further ordered that "any motions for leave to file must either: (a) be prepared and filed by a licensed attorney or (b) if filed by Green pro se, must be accompanied by a memorandum of law in support of Green's claims."  This court also stated that the "memorandum must include an affidavit certifying that the claims Green wishes to present are new and have never before been raised in any court and are not barred by the statute of limitations."

On April 23, 2007, Green filed a pro se Motion for Leave to File Complaint, Memorandum, Affidavit, and Supporting Documents in Case No. 07-mc-2029.  On April 27, 2007, this court entered an Opinion which denied Green's Motion for Leave to File (#1).  This court noted that Green's Memorandum of Law, which he attached to his Motion, was completely unhelpful and included no explanation as to how the various propositions of law and statements regarding various statutes related to the claims included in his proposed Complaint.  This court also noted that many of them had no apparent connection to his claims at all.  This court also concluded that Green's affidavit fell short of the requirements this court clearly set out in its prior Opinion because it was rambling and, for the most part, did not address any of the requirements of this court's prior Opinion.  Specifically, it did not certify "that the claims Green wishes to present are new and have never before been raised in any court and are not barred by the statute of limitations."

On May 7, 2007, Green filed a pro se Motion for Leave of Court to File Amended Complaint, Memorandum, Affidavit and Supporting Documents.  Green attached an 10-page proposed Complaint, which included an allegation that the claims he was presenting "are new and have never been raised in any court and are not barred by statute of limitation."  Green also attached

---

[2] See Opinion (#58) entered in Case No. 05-CV-2222.

a 15-page Memorandum of Law, which suffered from the same infirmities as the Memorandum of Law attached to his previous Motion for Leave. In addition, Green attached his notarized affidavit. This affidavit, like the affidavit attached to his previous Motion, was rambling and, for the most part, completely irrelevant to the claims included in his Complaint or any of the requirements of this court's prior Opinion. However, in the new affidavit, Green did state that the "claims I have presented are new and have never been raised in any court and are not barred by statute of limitation." Green attached to his affidavit a copy of the Notice of Right to Sue he received from the Equal Employment Opportunity Commission (EEOC) and a copy of a charge of discrimination he filed with the EEOC. Green's Complaint includes many of the same allegations as those included in his charge of discrimination.

On May 23, 2007, this court entered an Opinion in Case No. 07-mc-2029. This court concluded that Green still had not entirely complied with this court's prior Opinion because his Memorandum and Affidavit were, for the most part, completely unhelpful and irrelevant to the claims in his proposed Complaint. This court noted, however, that Green's Complaint did appear to raise new allegations, which were presented in his charge of discrimination. In addition, Green's new affidavit did include a certification that his claims were new, had never been raised in any court and were not barred by the statute of limitations. Accordingly, this court granted Green's Motion and stated that Green's proposed Complaint could be filed after Green paid the filing fee.

On June 1, 2007, Green paid the $350.00 filing fee and his Complaint (#1) was filed in this case. Green stated that his Complaint was filed under Title VII of the Civil Rights Act of 1964 and

under 42 U.S.C. § 1981.  In his Complaint, Green included 12 separate counts.[3]  In Count I, Green alleged that, in December 2005, he was subjected to discrimination based upon his race because he was denied the opportunity to serve on a substation safety committee.  In Count II, Green alleged that, in December 2005, he was denied the opportunity to serve on a substation safety committee in retaliation for his opposition to unlawful discrimination.  In Count III, Green alleged that, in October 2005, he was harassed in retaliation for his opposition to unlawful discrimination when Defendant displayed a "confederate/rebel/racist flag" in the Hazel street substation.  In Count IV, Green alleged that, in October 2005, he was subjected to a hostile environment in retaliation for his opposition to unlawful discrimination when Defendant displayed a "confederate/rebel/racist flag" in the Hazel street substation.[4]  In Count V, Green alleged that, in October and November 2005, he was forced to drive a defective truck in retaliation for his complaints about Defendant's illegal activities.  In Count VI, Green alleged that, in October and November 2005, he was subjected to discrimination based upon his race when he was forced to drive a defective truck to work, putting his life in danger.  In Count VII, Green alleged that, in October and November 2005, he was subjected to a hostile environment because of his race when Defendant displayed a "confederate/rebel/racist flag" in the Hazel street substation.  In Count VIII, Green alleged that, in October 2005 through July 2006, he was subjected to a hostile environment in retaliation for his opposition to unlawful discrimination when he was forced to reside within 30 miles of his reporting area.  In Count IX, Green alleged that, in October 2005 through July 2006, he was subjected to discrimination based upon his race when he was forced to reside within 30 miles of his reporting area.  In Count X, Green alleged that, from

---

[3] This court has done its best to set out the claims raised by Green in each of the counts, drawing all reasonable inferences in Green's favor.

[4] This court notes that Count IV is essentially identical to Count III.

October 2005 through April 23, 2007, he was "discriminated against, retaliated against, placed in a false light in regard to absenteeism, forced to fill out FMLA forms, placed in a hostile work environment, denied opportunity to serve on committees."  In Count XI, Green alleged that, from October 2005 through April 23, 2007, he was subjected to continuing violations of the collective bargaining agreement including discrimination and unequal terms and conditions.  In Count XII, Green again alleged discrimination and unequal terms and conditions from October 2005 through April 23, 2007.  Green attached a copy of a Dismissal and Notice of Rights issued by the EEOC on January 26, 2007, and a charge of discrimination he filed with the EEOC on December 14, 2006.[5]

On August 13, 2007, Defendant filed a Motion to Dismiss Plaintiff's Complaint (#10) and a Memorandum of Law in Support (#11) with attached exhibits.  Defendant argues that Green should not be allowed to continue to abuse the judicial system and serve Defendant with frivolous lawsuits.  Defendant contends that Green's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant argues that the Complaint attempts to assert claims that have been previously adjudicated, claims that could have been raised in one of his prior actions and claims that are outside the scope of or not included in a timely-filed administrative charge.  Defendant also argues that Green's Complaint fails to state a cause of action against Defendant for which relief may be granted.  In addition, Defendant has requested an order from this court awarding Defendant its attorneys' fees and costs incurred in preparing and filing its Motion to Dismiss and preventing Green from filing similar frivolous claims against Defendant in the future.

On August 29, 2007, Green filed his Response to the Motion to Dismiss (#14).  Green argues

---

[5] According to Defendant, Green filed two separate charges of discrimination in July 2006.  The December 14, 2006, charge attached to Green's complaint is essentially the same as the second charge he filed in July 2006 and includes only slight amendments.

5

that the claims in his Complaint are new, have never been raised in any court and are not barred by the statute of limitations. He contends that the claims are the result of his current EEOC charge and that the events alleged in the current Complaint happened after the filing of Green's prior cases.[6]

ANALYSIS

I. STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the factual sufficiency. Szabo v. Bridgeport Mach., Inc., 249 F.3d 672, 675-76 (7th Cir. 2001); see also Cler v. Ill. Educ. Ass'n, 423 F.3d 726, 729 (7th Cir. 2005). Factual sufficiency is tested later, by a motion for summary judgment under Rule 56 and, if necessary, by trial. Szabo, 249 F.3d at 675. When ruling on a motion to dismiss, the court generally should only consider the allegations of the complaint. Centers v. Centennial Mortgage, Inc., 398 F.3d 930, 933 (7th Cir. 2005). The court must also accept well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff. See Centers, 398 F.3d at 933; see also Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).

Working hand in glove with Rule 12(b)(6) is Rule 8(a) of the Federal Rules of Civil Procedure. Cler, 423 F.3d at 729. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson, 127 S. Ct. at 2200. In order to meet this requirement, the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S. Ct. at 2200, quoting Bell Atl. Corp. v. Twombly,

---

[6] Green has also repeatedly argued that Defendant has engaged in "continuing" acts of discrimination and retaliation. These arguments, in fact, bolster Defendant's position and raise some concerns regarding whether Green actually is attempting to relitigate prior claims. This will, of course, not be allowed.

550 U.S. ___, 127 S. Ct. 1955, 1964 (2007); see also E.E.O.C. v. Concentra Health Servs., Inc., ___ F.3d ___, 2007 WL 2215764, at *2 (7th Cir. 2007).  In addition, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atl. Corp., 127 S. Ct. at 1965; see also Concentra Health, 2007 WL 2215764, at *2.  "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. A T & T Mobility LLC, ___ F.3d ___, 2007 WL 2406859, at *4 (7th Cir. 2007).

## II. DEFENDANT'S ARGUMENTS

Defendant first argues that Green's claims should be dismissed because they have been previously adjudicated or could have been included in a prior action and are barred by the doctrines of issue and claim preclusion.  Defendant notes that, in prior lawsuits, Green alleged that he had not been selected to serve on committees, alleged that Defendant had retaliated against him based upon the alleged display of a confederate flag in a substation, and alleged that he was forced to drive a defective truck to work.  Defendant therefore contends that these allegations, and the other similar allegations in his Complaint, have already been adjudicated and must be dismissed.  This court cannot agree.

In this case, in Counts I through IX, Green has alleged incidents which occurred from October 2005 through July 2006.  While much of Green's Response to the Motion to Dismiss is rambling and unhelpful, Green has cogently pointed out that his Complaint has alleged events which occurred after any of his prior lawsuits were filed.  This court agrees with Green that, because he has alleged that the incidents occurred on or after October 2005, he could not have raised these claims in his prior lawsuits, the last of which was filed on October 4, 2005 (see Case No. 05-CV-

2222). This court also notes that the claims included in Counts I through IX are based on claims included in his EEOC charge, which was filed after his prior lawsuits. Based upon the Complaint, and considering the standard to be applied in ruling on a Motion to Dismiss, this court concludes that Green's Complaint is not subject to dismissal on this basis.

Defendant next argues that most of Green's claims should be dismissed because they were not included in a timely-filed administrative charge. Defendant contends that Green's claims are based upon his second July 2006 charge of discrimination, which was filed with the EEOC on July 28, 2006. Defendant argues that, because this charge was filed solely with the EEOC, it had to be filed within 180 days after the alleged unlawful practices occurred and, because Green alleged that many of the incidents occurred in October, November and December 2005, his charge of discrimination was not filed within 180 days of those claims. Again, this court cannot agree.

In Illinois, an individual must initiate a discrimination claim under Title VII by filing an EEOC charge within 300 days of the alleged discrimination. See Hall v. Bodine Elec. Co., 276 F.3d 345, 352 (7th Cir. 2002); Shanoff v. Ill. Dept. of Human Servs., 258 F.3d 696, 701 (7th Cir. 2001). The limitations period is 300 days rather than 180 days because Illinois is a "deferral" state which has a state agency that has the power to grant relief in the situation. See Sharp v. United Airlines, Inc., 236 F.3d 368, 372 (7th Cir. 2001); see also Tinner v. United Ins. Co. of Am., 308 F.3d 697, 707 (7th Cir. 2002).

Defendant is correct that, on Green's July 28, 2006, charge, the box is checked for "EEOC" and the charge does not explicitly state that it was also filed with the Illinois Department of Human Rights. Defendant's argument that the limitations period is therefore 180 days is consistent with the Seventh Circuit's note in Tinner that "180 days may well be the correct time frame if Tinner's only

action was to file a charge with the EEOC." Tinner, 308 F.3d at 707 n.7.

However, the form Green used for his charge of discrimination listed "Illinois Department of Human Rights" as the State or local Agency. Moreover, above the signature line, the form stated, "I want this charge filed with both the EEOC and the State or local Agency, if any." In addition, this court takes judicial notice that a worksharing agreement exists between the EEOC and the Illinois Department of Human Rights (IDHR). See Lapine v. Edward Marshall Boehm, Inc., 1990 WL 43572, at *3 (N.D. Ill. 1990). In Lapine, the district court stated that claimants "may file their claims with the state agency in the first instance or they may file with the EEOC and rely on the EEOC to transfer the charge to the state agency for review and investigation." Lapine, 1990 WL 43572, at *3, citing Love v. Pullman Co., 404 U.S. 522 (1972) (approving procedure whereby claimant files first with the EEOC and the EEOC refers case to state agency). In Lapine, the plaintiff filed her charge with the EEOC and argued that her charge was timely filed within 300 days based upon the worksharing agreement between the EEOC and the IDHR. The district court in Lapine agreed with the plaintiff and concluded that, based upon the worksharing agreement, the plaintiff's charge fell within the 300-day limitations period. Lapine, 1990 WL 43572, at *4. Further, the Seventh Circuit in Sharp explicitly recognized that "a plaintiff in a deferral state such as Illinois must file a charge of discrimination with the EEOC or equivalent state agency within 300 days after the 'alleged unlawful employment practice.'" Sharp, 236 F.3d at 372 (emphasis added), quoting 42 U.S.C. § 2000e-5(e)(1).

This court concludes, based upon the language on the form used by Green and the worksharing agreement between the EEOC and the IDHR, that Green's EEOC charge must be considered to have also been filed with the IDHR. Therefore, the applicable limitations period was

300 days. See Sharp, 236 F.3d at 372; Lapine, 1990 WL 43572, at *4.  This court further concludes that the Seventh Circuit's statement in Tinner does not require a different result.  The Tinner case involved a claimant in Indiana and did not include any discussion regarding whether a worksharing agreement exists between the EEOC and Indiana's state agency.  Accordingly, Green's Complaint cannot be dismissed on this basis.

Defendant next argues that Counts X, XI and XII of Green's Complaint should be dismissed. This court first notes that it agrees with Defendant that these Counts "are comprised of rambling allegations relating to FMLA forms, absenteeism and purported violations of the [collective bargaining agreement]."  This court further agrees that none of these claims were included in Green's charge of discrimination.  "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge."  Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994); see also Vela v. Vill. of Sauk Vill., 218 F.3d 661, 664 (7th Cir. 2000).  Therefore, to the extent these Counts were brought under Title VII, they must be dismissed.  Further, to the extent they have been brought under 42 U.S.C. § 1981, this court concludes that the allegations in these Counts are "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  See Airborne Beepers & Video, 2007 WL 2406859, at *4.  This court notes that failure to give fair notice does not normally warrant a dismissal with prejudice.  See Concentra Health, 2007 WL 2215764, at *8. However, this court notes that Green has not argued that he should be allowed to file an amended pleading and has, in fact, argued that his Complaint "is based on my current EEOC charge."  Given his track record in this court, this court concludes that Green should not be given the opportunity to replead the vague, rambling allegations included in Counts X, XI and XII.  This court concludes that Green should only be

allowed to proceed on claims that he included in his EEOC charge. Therefore, Defendant's Motion to Dismiss Plaintiff's Complaint (#10) is GRANTED as to Counts X, XI and XII of Green's Complaint. This court dismisses Counts X, XI and XII with prejudice.

Defendant finally argues that the entire Complaint should be dismissed for failing to properly state a claim upon which relief may be granted. However, in ruling on the motion to dismiss, this court must accept Green's well-pleaded allegations as true and draw all reasonable inferences in his favor. This court concludes that the factual allegations in Counts I through IX are "enough to raise a right to relief above the speculative level." See Bell Atl. Corp., 127 S. Ct. at 1965. Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint (#10) is DENIED as to Counts I through IX.

Based upon this court's ruling on Defendant's Motion to Dismiss Plaintiff's Complaint, this court concludes that sanctions against Green are not warranted at this time.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss Plaintiff's Complaint (#10) is GRANTED in part and DENIED in part. Counts X, XI and XII are dismissed with prejudice. Counts I, II, III, IV, V, VI, VII, VIII and IX remain pending. Defendant's request for sanctions is denied.

(2) Defendant is allowed twenty-one (21) days to file its Answer to the remaining counts of Green's Complaint.

ENTERED this 5th day of September, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE