UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **CHARLES LEE GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.   ) | **Case No. 07-CV-2108** |
| ) | |
| **ILLINOIS POWER COMPANY,** ) | |
| An Illinois Corporation, ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

On July 9, 2009, Defendant, Illinois Power Company, filed a Motion for Entry of Judgment and to Bar Plaintiff From Future Filings Until the Judgment is Satisfied (#60). That same day the court entered nunc pro tunc, backdated to February 5, 2009, an Amended Judgment (#61) assessing attorneys fees and costs in the amount of $3,108.10 against Plaintiff. There still remained pending, however, Defendant's request to bar Plaintiff from future filings until the judgment is satisfied. On July 22, 2009, Plaintiff responded with a Motion for Leave to File a Motion to Reconsider and/or Reopen Case #2:07-cv-2108-MPM, Clarification, Hearing, Strike, Jury Demand, Change of Venue (#62). For the following reasons, Defendant's Motion (#60) is GRANTED in full and Plaintiff's Motion (#62) is DENIED in full.

PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff has filed a motion for reconsideration asking the court to reinstate his claim. This is the fourth motion for leave to file a motion to reconsider filed by Plaintiff since this court's August 18, 2008, Opinion (#51) dismissing his case with prejudice. It should first be noted that

Plaintiff is an abusive litigant, and in Case No. 05-CV-2222, the court entered an Opinion barring Plaintiff "from filing any future lawsuits, letters, pleadings, or motions unless he first obtains leave of this court to file a given document." The August 18, 2008, Opinion (#51) dealt with Plaintiff's abuse of the discovery process, where he provided Defendant with wholly insufficient responses to written discovery. The court repeatedly warned Plaintiff that failure to comply with Defendant's discovery requests could result in the dismissal of his complaint with prejudice.

The choice of an appropriate remedy for a discovery abuse is primarily the responsibility of the district judge, who is authorized to mete out sanctions as severe as dismissing the action when a litigant fails to obey a court order compelling discovery. See Govas v. Chalmers, 965 F.2d 298, 303 (7th Cir. 1992). However, the sanctions must "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000), quoting Salgado v. General Motors Corp., 150 F.3d 735, 740 (7th Cir. 1998). Entry of dismissal for a litigant's failure to cooperate in the discovery process under Rule 37(b)(2) requires a showing of willfulness, bad faith, or fault on the part of the noncomplying party. See Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003). The "fault" component has been interpreted to mean that a party has acted unreasonably. See Long, 213 F.3d at 986-87.

The court found Plaintiff had failed to provide Defendant with adequate discovery as ordered by the court. Plaintiff's answers to Defendant's interrogatories were evasive, repetitive, incomplete, and consisted almost exclusively of inappropriate general objections that were cut and pasted in response to each of Defendant's queries. The court had twice warned Plaintiff that further attempts to avoid discovery would result in dismissal of his suit pursuant to Rule 37(b)(2)(v) of the Federal Rules of Civil Procedure. The court agreed with Defendant that the appropriate sanction was

dismissal of the suit with prejudice.

Plaintiff has cited Federal Rules of Civil Procedure 59 and 60 in support of his Motion to Reconsider. Under Rule 59(e), a motion to alter or amend judgment, which must be the case here as there was no trial, the motion must be made no later than 10 days after the entry of judgment. Judgment was entered on August 18, 2008. Plaintiff did not file any motion for reconsideration until September 5, 2008, more than 10 days after the entry of judgment. A motion to reconsider fails on that ground.

Under Rule 60(b) of the Federal Rules of Civil Procedure,

"On motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Plaintiff has made no showing that a motion for reconsideration under Rule 60(b) should be

granted.  No new evidence has been presented, no evidence of mistake, inadvertence, surprise, or neglect has been presented.  Nor has evidence of fraud or misrepresentation, a void judgment, or any of the provisions under Rule 60(b)(5) been shown.  In short, Plaintiff again simply asks the court to reinstate his complaint and he tries to relitigate the same arguments he raised in the complaint and all his prior motions for reconsideration about how Defendant has engaged in discrimination at his workplace.

He also requests a motion to strike Defendant's original Motion to Dismiss and for Attorney Fees (#49), the court's orders of August 18, 2008, February 5, 2009, and July 9, 2009, along with Defendant's Motion for Entry of Judgment and to Bar Plaintiff From Future Filings Until the Judgment is Satisfied (#60).  Motions to strike are generally disfavored.  Heller Financial Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1294 (7th Cir. 1989).  Plaintiff has provided no compelling reason for the court to strike all of its previous orders and opinions in this case or why the court should strike previous filings made by Defendant.

In his Motion for Leave to File Motion for Reconsideration, Plaintiff repeats the same charges of racial discrimination at his workplace and retaliation for filing his complaint.  He asks for a hearing, jury demand, and change of venue.  In essence, he wants to relitigate and start over from scratch the case that was dismissed with prejudice in August for Plaintiff's repeated abuse of the discovery process.  Plaintiff has not shown any good reason for this court to revisit and reconsider its Opinion (#51) of August 18, 2008, dismissing the case.  Plaintiff's Motion for Leave to File a Motion to Reconsider and/or Reopen Case #2:07-cv-2108-MPM, Clarification, Hearing, Strike, Jury Demand, Change of Venue (#62) is DENIED.

DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT AND TO BAR PLAINTIFF FROM FUTURE FILINGS UNTIL JUDGMENT IS SATISFIED

In the Opinion (#51) of August 18, 2008, this court found that additional sanctions were appropriate based upon Plaintiff's refusal to comply with the court's order, which required Defendant to file a second motion to compel. The court directed Defendant to file an affidavit of attorney fees and costs within ten days of the order, which Defendant did, and the fees and costs came to $3,108.10. On February 5, 2009, this court entered an Order (#57) ordering Plaintiff to pay to Defendant $3,108.10 in attorneys' fees. Due to clerical error, a separate judgment was not entered. However, on July 9, 2009, an Amended Judgment (#61) was entered nunc pro tunc ordering Plaintiff to pay to Defendant $3,108.10 in attorneys' fees.

In addressing the attorneys' fees in his Motion (#62), Plaintiff again contends the court's dismissal of the case was premature and "clearly erroneous or contrary to law." Plaintiff contends that at no time has the court or Defendant proven that the case brought by Plaintiff was frivolous, groundless, unreasonable or brought to harass or embarrass Defendant. Therefore, awarding fees and costs to Defendant is erroneous.

Defendant has presented to the court an affidavit in support of its seeking of attorneys' fees. The court has concluded that attorneys' fees are appropriate in this case as an additional sanction against Plaintiff for his abuse of the discovery process. The court sees no reason to overturn its earlier order awarding attorneys fees. The Amended Judgment (#61) entered July 9, 2009, is confirmed.

Defendant has also asked for Plaintiff to be barred from future filings until he pays Defendant its attorney's fees and costs. Defendant notes that in 2006, due to Plaintiff's repeated

abuse of the judicial system, this court barred Plaintiff from filing any future lawsuits, letters, pleadings, or motions unless he first obtained consent to file a given document. Defendant notes that Plaintiff has continued to engage in the same pattern of frivolous filings and inappropriate conduct. Defendant states "[m]ost recently Green has filed nonsensical motions and memoranda with the Court seeking reconsideration fo the dismissal Order," including accusations of racism and that the court was biased because someone stole the court's "lollipop" as a child. Defendant asked that an order be entered barring Plaintiff from filing any future actions in this court unless he pays Defendant's $3,108.10 attorneys' fee award in full. Plaintiff, in his Motion for Leave to File, simply responds that Defendant's request is "groundless."

The court agrees with Defendant. Plaintiff has continued to engage in filing frivolous and nonsensical motions and memoranda. The court entered an Order (#57) on February 5, 2009, ordering Plaintiff to pay attorneys' fees. He has not done so. An Amended Judgment was entered July 9, 2009. Plaintiff is hereby barred from filing any future actions in this court unless he pays Defendant's $3,108.10 award for attorneys' fees in full and otherwise complies with the terms of this court's order of January 19, 2006, in which Plaintiff was barred from filing any future lawsuits, letters, or pleadings or motions unless he first obtained leave of this court to file a given document.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion for Entry of Judgment and to Bar Plaintiff From Future Filings Until Judgment Is Satisfied (#60) is GRANTED in full. The Amended Judgment (#61) of July 9, 2009, is confirmed. Plaintiff is hereby barred from filing any future actions in this court unless he pays Defendant's $3,108.award for attorneys' fees in full and otherwise complies with the terms of this court's order of January 19, 2006, in which Plaintiff was barred from filing any future lawsuits,

letters, or pleadings or motions unless he first obtained leave of this court to file a given document.

(2) Plaintiff's Motion for Leave to File a Motion to Reconsider and/or Reopen Case #2:07-cv-2108-MPM, Clarification, Hearing, Strike, Jury Demand, Change of Venue (#62) is DENIED in full.

ENTERED this 24th day of July, 2009

    s/ Michael P. McCuskey
    MICHAEL P. McCUSKEY
    CHIEF U.S. DISTRICT JUDGE